Tyler J. Woods (SBN 232464)
 twoods@trialnewport.com
Richard H. Hikida (SBN 196149)
 rhikida@trialnewport.com
Scott J. Ferrell (SBN 202091)
 sferrell@trialnewport.com
NEWPORT TRIAL GROUP
4100 Newport Place, Suite 800
Newport Beach, CA 92660
Telephone: (949) 706-6464
Facsimile: (949) 706-6469

Attorneys for Plaintiff
THERMOLIFE INTERNATIONAL, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERMOLIFE INTERNATIONAL, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MYOGENIX CORP., et al.<br><br>Defendants. | Case Nos.:<br>13-cv-651 JLS (MDD);<br>13-cv-652 JLS (MDD);<br>13-cv-653 JLS (MDD);<br>13-cv-825 JLS (MDD);<br>13-cv-826 JLS (MDD);<br>13-cv-827 JLS (MDD);<br>13-cv-830 JLS (MDD);<br>13-cv-881 JLS (MDD);<br>13-cv-883 JLS (MDD);<br>13-cv-885 JLS (MDD);<br>13-cv-886 JLS (MDD);<br>13-cv-887 JLS (MDD);<br>13-cv-888 JLS (MDD);<br>13-cv-890 JLS (MDD);<br>13-cv-906 JLS (MDD);<br>13-cv-907 JLS (MDD);<br>13-cv-908 JLS (MDD);<br>13-cv-910 JLS (MDD);<br>13-cv-911 JLS (MDD);<br>13-cv-913 JLS (MDD);<br>13-cv-914 JLS (MDD);<br>13-cv-1015 JLS (MDD) |

PLAINTIFF AND DEFENDANTS JOINT RESPONSE TO JULY 19, 2013 ORDER TO SHOW CAUSE WHY THESE CASES SHOULD BE CONSOLIDATED FOR PRETRIAL PURPOSES UP TO AND INCLUDING CLAIM CONSTRUCTION

|  | **PLAINTIFF AND DEFENDANTS JOINT RESPONSE TO JULY 19, 2013 ORDER TO SHOW CAUSE WHY THESE CASES SHOULD BE CONSOLIDATED FOR PRETRIAL PURPOSES UP TO AND INCLUDING CLAIM CONSTRUCTION** |
|---|---|
| AND RELATED CASES | |

PLAINTIFF AND DEFENDANTS JOINT RESPONSE TO JULY 19, 2013 ORDER TO SHOW CAUSE WHY THESE CASES SHOULD BE CONSOLIDATED FOR PRETRIAL PURPOSES UP TO AND INCLUDING CLAIM CONSTRUCTION

Plaintiff Thermolife International, LLC and the undersigned Defendants hereby jointly respond to the Court's July 19, 2013 Order To Show Cause Why These Cases Should Not Be Consolidated For Pretrial Purposes Up to Including Claim Construction ("Order to Show Cause").

## I. PLAINTIFF AND UNDERSIGNED DEFENDANTS AGREE THAT CONSOLIDATION IS APPROPRIATE.

Plaintiff and the Defendants have conferred regarding the desirability of consolidating all of the cases identified in the Court's Order to Show Cause. Plaintiff and the undersigned Defendants agree that each of the identified cases should be consolidated for pretrial purposes pursuant to Federal Rule of Civil Procedure 42(a) and request that the Court issue an order formally consolidating the cases with the lead case for pretrial purposes.

## II. LIAISON COUNSEL

The Court has requested Defendants to appoint liaison counsel. Counsel of record from Venable LLP, including Daniel S. Silverman, and Arnold & Porter LLP, including Monty Agarwal, will serve as liaison counsel. To avoid the potential for future controversy relating to ambiguities over the role of liaison counsel, the designated counsel requests the court specify liaison counsel's function in any consolidated action. The designated counsel believe that their role should be limited to essentially administrative matters, such as communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities and positions.

//
//
//
//
//

## II. PLAINTIFF AND UNDERSIGNED DEFENDANTS REQUEST THAT THE COURT PHASE THE CASE AND CONSOLIDATE THE CASES FOR PRETRIAL REGARDING INVALIDITY AND UNENFORCEABILITY, NOT JUST CLAIM CONSTRUCTION.

The Court's Order to Show Cause proposed to consolidate the cases up to and including claim construction. Plaintiff and the Defendants have also conferred regarding the desirability of additionally phasing and consolidating the cases up to and including pretrial matters regarding invalidity and/or unenforceability issues.

As the Court's Order to Show Cause recognized, Thermolife has alleged similar infringement claims based on four patents. Defendants also believe that each case involves common issues related to the invalidity and unenforceability of these four patents. Although not all Defendants have responded to and/or answered Thermolife's complaints to date, those Defendants that have responded have each pled affirmative defenses and/or counterclaims seeking to invalidate each of the four patents and/or an order declaring one or more of the four patents unenforceable on grounds, for instance, of inequitable conduct. Defendants expect that all cases will ultimately raise similar issues.

In light of the Defendants' invalidity and/or unenforceability defenses, Plaintiff and Defendants believe, subject to the Court's desire, that the cases and discovery can and should be phased and coordinated to include claim construction, patent invalidity and/or unenforceability, including inequitable conduct. Specifically, during the first phase, Plaintiff and Defendants propose to conduct discovery as to issues that are common to all cases, namely claim construction, invalidity and unenforceability, including inequitable conduct. Following this first phase of discovery, the parties will present, first, any claim construction disputes to the Court. Defendants then anticipate bringing a motion for summary judgment of invalidity and/or unenforceability. Once the Court has had an opportunity to decide any claim construction and invalidity and/or unenforceability disputes, if necessary, the cases would proceed through a second phase of discovery covering issues such as

infringement and damages that do not merit consolidation because they are likely to be unique to each Defendant. Trials would not be consolidated.

Plaintiff and Defendants believe the proposed phasing and consolidation of common issues for pretrial purposes will facilitate the fair and efficient conduct of discovery and dispositive motion practice in the consolidated matters, will alleviate the burden of excessive and potentially unnecessary discovery, and also will allow the court to hear issues that are common to all cases in a coordinated matter.

At this stage, the Court has not scheduled an initial case management conference to set a schedule for the cases, including for any phasing the Court may adopt. However, in light of the Court's interest in consolidation for pretrial purposes, the parties are amenable to phasing and consolidation as proposed above. The parties expect to provide specific proposal for scheduling and for coordinating discovery to implement the proposed phasing and consolidation in a Rule 26(f) statement.

Dated: August 19, 2013          NEWPORT TRIAL GROUP

By: /s/ Tyler J. Woods
Tyler J. Woods
Attorneys for Plaintiff

THERMOLIFE INTERNATIONAL LLC

| | | |
|---|---|---|
| Dated: August 19, 2013 | | ARNOLD & PORTER LLP |

By: /s/ Monty Agarwal
Monty Agarwal
Attorneys for Defendants and
Counterclaimants

KINGFISHER MEDIA, LLC
(Case No. 13-cv-913 JLS (MDD))

ULTIMATE NUTRITION, INC.
(Case No. 13-cv-914 JLS (MDD))

Dated: August 19, 2013     BURCH DALLMANN LLP

By: /s/ Andrew Dallmann
Andrew S. Dallmann
Attorneys for Defendant and
Counterclaimant

GASPARI NUTRITION, INC.
(Case No. 13-cv-881 JLS (MDD))

Dated: August 19, 2013     FELDMAN GALE, P.A.

By: /s/ Todd Malynn
Todd Malynn
Attorneys for Defendant and
Counterclaimaint

HI-TECH PHARMACEUTICALS, INC.
(Case No. 13-cv-830 JLS (MDD))

| | | |
|---|---|---|
| Dated: August 19, 2013 | | GOODWIN PROCTER LLP |
| | By: | /s/ Kurt Kjelland |
| | | Kurt J. Kjelland |
| | | Attorney for Defendant and Counterclaimant |
| | | DYMATIZE ENTERPRISES, LLC |
| | | (Case No. 13-cv- 888 JLS (MDD) |
| Dated: August 19, 2013 | | LAW OFFICES OF RICHARD ELLIOTT |
| | By: | /s/ Richard Elliott |
| | | Richard J. Elliott |
| | | Attorneys for Defendant and Counterclaimant |
| | | iSATORI, INC. |
| | | (Case No. 13-cv-911 JLS (MDD)) |
| Dated: August 19, 2013 | | NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP |
| | By: | /s/ Francis DiGiovanni |
| | | Attorneys for Defendant |
| | | VITAL PHARMACEUTICALS, INC. |
| | | (Case No. 13-cv-1015 JLS (MDD) |

| | |
|---|---|
| Dated: August 19, 2013 | VENABLE LLP |
| | By: /s/ Daniel Silverman |
| | Daniel Silverman |
| | Attorneys for Defendants and Counterclaimants |
| | |
| | SNAC SYSTEM, INC. <br> (Case No. 13-cv-825 JLS (MDD)) |
| | MAXIMUM HUMAN PERFORMANCE, LLC <br> (Case No. 13-cv-883 JLS (MDD)) |
| | FORCE FACTOR, LLC <br> (Case No. 13-cv-907 JLS (MDD)) |
| | BIO-ENGINEERED SUPPLEMENTS & NUTRITION, INC., AMERICAN BODY BUILDING PRODUCTS, LLC a/k/a ABB PERFORMANCE, LLC and OPTIMUM NUTRITION, INC. <br> (Case No. 13-cv-908 JLS (MDD)) |
| | BPI SPORTS HOLDINGS, LLC and IMAGE SPORTS, LLC <br> (Case No. 13-cv-910 JLS (MDD)) |
| | NUTREX RESEARCH, INC. <br> (Case No. 13-cv-885 JLS (MDD)) |
| Dated: August 19, 2013 | KARISH & BJORGUM PC |
| | By: /s/ Marc Karish |
| | Attorneys for Defendants and Counterclaimants |
| | NATROL, INC. <br> (Case No. 13-cv-826 JLS (MDD) |
| | SAN NUTRITION CORP. <br> (Case No. 13-cv-827 JLS (MDD)) |

PLAINTIFF AND DEFENDANTS JOINT RESPONSE TO JULY 19, 2013 ORDER TO SHOW CAUSE WHY THESE CASES SHOULD BE CONSOLIDATED FOR PRETRIAL PURPOSES UP TO AND INCLUDING CLAIM CONSTRUCTION

| | | |
|---|---|---|
| Dated: August 19, 2013 | | HOPENFELD SINGER RICE & SAITO LLP |

By: /s/ Benjamin Singer
Benjamin L. Singer
Attorneys for Defendants

MYOGENIX CORP., GNC CORPORATION; GENERAL NUTRITION CENTERS, INC.; and GENERAL NUTRITION CORPORATION
(Case No. 13-cv-651JLS (MDD))

NBTY, INC. and
VITAMIN WORLD, INC.
(Case No. 13-cv-886 JLS (MDD))

SOLGAR, INC.
(Case No. 13-cv-890 JLS (MDD))

UNITED STATES NUTRITION, INC.
(Case No. 13-cv-906 JLS (MDD))

Dated: August 19, 2013          STETINA BRUNDA GARRED & BRUCKER

By: /s/ Bruce Brunda
Bruce B. Brunda
Attorneys for Defendant and Counterclaimant

Joe Wells Enterprises, Inc.
a California corporation, dba Max Muscle Sports Nutrition
(Case No. 13-cv-652 JLS (MDD))

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2013, I electronically filed the foregoing **PLAINTIFF AND DEFENDANTS JOINT RESPONSE TO JULY 19, 2013 ORDER TO SHOW CAUSE WHY THESE CASES SHOULD BE CONSOLIDATED FOR PRETRIAL PURPOSES UP TO AND INCLUDING CLAIM CONSTRUCTION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

          /s/*Tyler J Woods*
            Tyler J Woods